IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JIM ELTON HODDER,**                                          **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO.: 4:13cv232-GHD-JMV**

**ERNEST LEE,** *et al.,*                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Jim Elton Hodder, a Mississippi inmate housed at the Mississippi State Penitentiary, has filed a civil rights suit pursuant to 42 U.S.C. § 1983 against Mississippi Department of Corrections ("MDOC") Superintendent Ernest Lee, Warden Faye Noel, Lieutenant Carolyn Willis, and Lieutenant Carolyn Walker. Having fully considered Plaintiff's allegations and the applicable law, the Court finds that the instant complaint should be dismissed for the following reasons.

### Screening Standards

Because Plaintiff has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A

1

complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Discussion

Plaintiff's grievances in this lawsuit revolve around a Rule Violation Report ("RVR") issued against him on July 19, 2013, for possession of major contraband. He maintains that Defendants failed to follow institutional policy and procedure in issuing the RVR and in holding a disciplinary hearing to resolve the RVR. First, he argues that the RVR was prepared in cursive handwriting, which is contrary to MDOC policy that requires the RVR to be printed. Second, he maintains that he was not brought to his disciplinary hearing until July 30, 2013, even though MDOC policy requires disciplinary hearings to be held with seven working days of the alleged violation.

Based on these alleged infirmities, Plaintiff asks the Court to remove the RVR from his file, order an investigation into and a restructuring of the disciplinary department, and award him costs and fees in this action. Accepting Plaintiff's allegations as true, the Court nonetheless determines that the instant complaint must be dismissed, as it fails to raise a constitutional claim.

In order to state a claim under § 1983, Plaintiff must allege that he was deprived of a right under the Constitution or the laws of the United States by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Giving Plaintiff's claim liberal construction, it

2

appears he is asserting that he was denied due process by Defendants' failure to follow institutional policy and procedure. However, to invoke the protections of the Due Process Clause, a protected liberty interest must be at issue. A prisoner's constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents in prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). MDOC's failure to follow institutional policy and procedure in drafting an RVR does not implicate constitutional due process concerns. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (holding that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met"); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) ("A violation of prison regulations, without more, does not give rise to a federal constitutional violation."). Similarly, the requirement that disciplinary hearings be held within seven days is a prison regulation and is not enforceable in a § 1983 suit. *See, e.g., Harris v. Dretke*, No. 2:04cv00008, 2006 WL 1007609 (N.D. Tex. April 18, 2006). Accordingly, Plaintiff has failed to demonstrate that Defendants' actions violated his constitutional rights, and his complaint must be dismissed. *See Hoye v. Nelson*, 4:07cv44-M-B, 2007 WL 1321964 at *1 (N.D. Miss. May 3, 2007) (citation omitted).

## Conclusion

Plaintiff's allegations fail to assert a cognizable constitutional violation, and this action is **DISMISSED WITH PREJUDICE** for his failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Plaintiff is cautioned that once he accumulates three strikes, he may not proceed *in*

*forma pauperis* in any civil action or appeal filed while incarcerated unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED** this the 25th day of November, 2013.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE